**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1180-19

MICHAEL SEXTON,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
TEACHERS' PENSION AND
ANNUITY FUND,

    Respondent-Respondent.

_____

Submitted September 28, 2021 – Decided October 25, 2021

Before Judges Currier and Smith.

On appeal from the Board of Trustees of the Teachers' Pension and Annuity Fund, Department of the Treasury.

Stephanie Sexton, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Connor V. Martin, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Michael Sexton appeals from respondent's final determination denying his requests to convert his group life insurance policy and to change his retirement date. Because respondent did not err in its application of the pertinent regulations, we affirm.

For many years, appellant worked as a nurse in a school system and was enrolled in the Teachers' Pension and Annuity Fund (TPAF). After a cancer diagnosis, appellant applied for Ordinary Disability Retirement on March 22, 2018. On the application, appellant listed his retirement date as October 1, 2018. He did so because he intended to return to work in September to help transition the incoming nurse.

In approximately mid-April 2018, appellant submitted an application and check to Prudential Insurance Company to convert his group life insurance policy, which covered active employees, to an individual policy, which would cover appellant after his group policy coverage expired. Unfortunately, appellant died on May 3, 2018, while both applications were still pending. Because appellant's retirement date was not until October, he was considered an active member of TPAF at the time of his death.

Appellant's wife, Stephanie Sexton, was the beneficiary of appellant's group life insurance policy. Because the retirement application was pending at

2

the time of appellant's death, Stephanie was given a choice to receive payment on either active or retired status. Stephanie opted for the retired status payment and benefits were paid to her under the policy.

On July 11, 2018, Prudential denied appellant's request to convert his group life insurance policy to an individual life insurance policy, stating, "[u]nder the terms of the Group Contract, benefits were paid under the Group Life Contract. I am returning [the] check . . . submitted for the conversion."

Stephanie appealed the decision. She also requested that TPAF change appellant's retirement date from October 1, 2018 to April 1, 2018. Although respondent expressed its sympathy for the events, it advised that a conversion policy could not become effective until thirty-one days after a member ceased employment. In other words, a TPAF member had to live thirty-one days after the termination of employment to qualify for a conversion.

Through counsel, Stephanie appealed to the TPAF Board of Trustees (Board). In June 2019, the Board issued its final determination, denying the conversion of the group life policy. In coming to this decision, the Board relied on N.J.A.C. 17:3-3.8. The Board also denied Stephanie's request to change appellant's retirement date, advising the request for a retroactive amendment was prohibited under N.J.A.C. 17:3-6.1.

Following an appeal of the Board's decision, the Board issued findings of fact and conclusions of law supporting its decision denying the conversion of appellant's policy. The Board found the "regulatory language . . . [was] clear and unambiguous." Therefore, it could not grant the requested relief.

Appellant asserts the same arguments before this court – requesting the conversion of the group life policy and amendment of the applicable retirement date.

Our review is limited. We review "agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs. Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)).

It is clear the regulations prohibit appellant from obtaining the relief he seeks. As the Board noted, N.J.A.C. 17:3-3.8(b) states:

> If a member is covered by group life insurance during employment, the coverage ceases 31 days subsequent to the member's termination date from employment, regardless of the cause of termination. . . . The converted individual policy will not take effect until the

expiration of the group life insurance policy at the conclusion of the 31-day grace period.

N.J.A.C. 17:3-6.1(a) states that a member's retirement application becomes effective on the first of the month following receipt of the application unless a future date is requested.

The Board properly applied these regulations in denying appellant's requests. Because thirty-one days must pass after employment ends in order for conversion to take effect, and appellant's employment had not ended prior to his death, the Board could not convert the group life insurance policy to an individual policy. Similarly, the regulations did not permit a retroactive retirement date.

Stephanie acknowledges that appellant's policy was not eligible for conversion. But she argues that the Board has the equitable powers to "relax requirements on a case-by-case basis." We disagree. There was no injustice to appellant. His beneficiary was given the option to choose whether to receive payment from the group life insurance policy based on active or retired status. Stephanie received the policy benefits.

Moreover, respondent contends that if appellant's requests were granted, it would "contravene the entire statutory pension scheme and disrupt the Board's

essential function of administering TPAF as directed by law. . . . This function is intertwined with preserving the fiscal integrity of TPAF."

Because the Board complied with the regulations governing these circumstances, its decision was not arbitrary or capricious. Given our deference to the Board's specialized knowledge in its own area and its authority to create the controlling regulations, we see no reason to disturb its decision.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1180-19